J-S70005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OLIVER MERVIN BURBAGE, | |
| Appellant | No. 3053 EDA 2014 |

Appeal from the Judgment of Sentence September 22, 2014
in the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0005041-2012

BEFORE: DONOHUE, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED DECEMBER 04, 2015**

Appellant, Oliver Mervin Burbage, appeals from the judgment of sentence imposed on September 22, 2014, following his resentencing after a jury conviction of escape.[1] Appellant's counsel has filed a brief and a petition to withdraw under ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), alleging that the appeal is wholly frivolous. We affirm the judgment of sentence and grant counsel's petition to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 5121.

We take the underlying facts and procedural history in this matter from this Court's previous decision on direct appeal and our review of the certified record.

> This case involves an incident that occurred on June 22, 2011, on the 800 block of McDowell Avenue, in Chester, Delaware County. Pennsylvania State Trooper Robert Kirby testified that at approximately 11:00 a.m. that morning, he had conducted an interview regarding a separate matter in nearby Eddystone. Trooper Kirby was aware that a felony warrant [dated June 15, 2011] had been issued by Bucks County for Burbage's arrest. Trooper Kirby was also familiar with Burbage based upon prior investigations of other criminal activity in which Trooper Kirby had met Burbage face-to-face. At approximately 11:30 a.m., Trooper Kirby finished his interview in Eddystone and decided to drive by 835 McDowell Avenue, the address where Burbage's girlfriend was believed to reside.
>
> Trooper Kirby testified that as he approached 835 McDowell Avenue, he spotted Burbage in the front yard and a four-year-old boy on the porch. Trooper Kirby stopped his unmarked patrol car approximately 50 feet from Burbage, exited the vehicle with his police baton, and walked toward Burbage. Trooper Kirby was not in full uniform, but he was wearing his badge in plain view on his belt. Once Trooper Kirby was within 20 to 25 feet of Burbage, he declared, "State Police, get on the ground, you're under arrest." He yelled several times for Burbage to get on the ground. Instead of obeying the commands, Burbage stared at Trooper Kirby and took a stance as if he might draw a weapon. In response, Trooper Kirby drew his firearm and pointed it in Burbage's direction. Burbage then fled from Trooper Kirby and entered the residence at 835 McDowell Avenue.
>
> Trooper Kirby indicated that he was not assisted by any other police officers, and since the four-year-old boy was unattended on the porch, he called 911 to obtain backup before entering the residence. The residences on this block are connected row houses, preventing easy access to the rear of the homes from the front. Once additional officers arrived, Trooper Kirby entered the house and found the boy's parents, but Burbage had already exited the house. Although Trooper Kirby

- 2 -

> did not successfully detain Burbage, officers eventually took Burbage into custody on August 8, 2011.
>
> *    *    *
>
> The aforementioned testimony was presented at a one-day jury trial on January 29, 2013, after which the jury convicted Burbage of the offense of escape. On March 21, 2013, [after review of the Pre-Sentence Investigation Report (PSI)] the court sentenced him to three to six years' incarceration [to be served consecutively to any other sentence Appellant was then serving], with credit for time served. . . .

(***Commonwealth v. Burbage***, No. 1219 WDA 2014, unpublished memorandum at *1-*3 (Pa. Super. filed June 3, 2014) (record citations and footnotes omitted)).

At sentencing, by agreement of the parties, the trial court gave Appellant credit for time served from August 8, 2011 through March 21, 2013. (***See*** Trial Court Opinion, 11/12/14, at 1). On April 17, 2013, Appellant filed a timely notice of appeal. While the appeal was pending, the trial court received notice from the Department of Corrections (DOC) stating that the credit for time served was improper because DOC had already credited that time against a sentence from another county. (***See*** N.T. Resentencing, 9/22/14, at 4-5). On October 9, 2013, without notice to Appellant and without a hearing, the trial court amended the sentence, stripping Appellant of credit for time served. (***See*** Notice of Appeal, 11/06/13, at unnumbered page 1; ***Commonwealth v. Burbage***, No. 3072 EDA 2013, unpublished memorandum *3 (Pa. Super. filed August 11, 2014)

(**Burbage II**)). Appellant filed a second timely appeal, challenging the legality of the resentencing.

On June 3, 2014, this Court affirmed the original judgment of sentence. Appellant did not seek leave to appeal to the Pennsylvania Supreme Court. On August 11, 2014, this Court reversed the judgment of sentence and remanded for a new sentencing hearing. (**See Burbage II**, **supra** at *11).

On September 22, 2014, the trial court held a new sentencing hearing. The court sentenced Appellant to a term of incarceration of not less than three nor more than six years of incarceration less fifteen days credit for time served. (**See** N.T. Resentencing, 9/22/14, at 9). Thus, the sentence was identical to the original sentence with the exception of the amount of credit for time served. The instant, timely appeal followed. On October 23, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). On November 6, 2014, counsel filed a statement of intent to file an **Anders**[2] brief. **See** Pa.R.A.P. 1925(c)(4). On November 12, 2014, the trial court filed an opinion. **See** Pa.R.A.P. 1925(a).

On appeal, the **Anders** brief raises the following question for our review:

---

[2] **See Anders**, **supra**; **see also**, **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

- 4 -

Was the sentence imposed on [Appellant] harsh and excessive under the circumstances?

(**Anders** Brief, at 3).

Appellant's counsel has petitioned for permission to withdraw and has submitted an **Anders** brief, which is procedurally proper for counsel seeking to withdraw on direct appeal. **See Anders**, **supra** at 744. Court-appointed counsel who seeks to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:

> . . . (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous. . . .

**Santiago**, **supra** at 361. When we receive an **Anders** brief, we first rule on the petition to withdraw and then review the merits of the underlying issues. **See Commonwealth v. Garang**, 9 A.3d 237, 240-41 (Pa. Super. 2010). In addition, "[p]art and parcel of **Anders** is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated." **Commonwealth v. Vilsaint**, 893 A.2d 753, 755 (Pa. Super. 2006).

In the instant matter, counsel has substantially complied with all the requirements of **Anders** and **Santiago**. Specifically, he has petitioned this Court to withdraw because "counsel has found no issues to raise in this appeal and he believes this appeal to be wholly frivolous." (Application to

Withdraw Appearance, 3/13/15, at unnumbered page 1). In addition, after his review of the record, counsel filed a brief with this Court that provides a summary of the procedural history and facts with citations to the record, refers to any facts or legal theories that arguably support the appeal, and explains why he believes the appeal is frivolous. (*See Anders* Brief, at 6-10). Lastly, he has attached, as an exhibit to his petition to withdraw, a copy of the letter sent to Appellant giving notice of his rights, and including a copy of the *Anders* brief and the petition. (*See* Application to Withdraw Appearance, 3/13/15, at unnumbered page 3); *see also Commonwealth v. Millisock*, 873 A.2d 748, 749 (Pa. Super. 2005). Appellant has not filed a response. Because counsel has substantially complied with the dictates of *Anders*, *Santiago*, and *Millisock*, we will examine the issues set forth in the *Anders* brief that counsel believes have arguable merit. *See Garang*, *supra* at 240-41.

The *Anders* brief challenges the discretionary aspects of Appellant's sentence, claiming that the sentence was harsh and excessive, the trial court failed to consider mitigating factors, and the trial court unreasonably imposed a consecutive sentence. (*See Anders* Brief, at 6-10). Preliminarily, we note, "[i]ssues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. McAfee*,

849 A.2d 270, 275 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004) (citations and quotations marks omitted). Appellant neither raised any objections to the sentence at sentencing nor filed a post-sentence motion challenging the discretionary aspects of sentence. Therefore, we would ordinarily find the claim waived. However, **Anders** requires that we review claims that we would ordinarily find waived. **See Commonwealth v. Lilley**, 978 A.2d 995, 998 (Pa. Super. 2009) (citations omitted). Thus, we will not find Appellant's claim waived on this basis.

The right to appeal the discretionary aspects of a sentence is not absolute. **See McAfee**, **supra** at 274. When an appellant challenges the discretionary aspects of the sentence imposed, he must present "a substantial question as to the appropriateness of the sentence[.]" **Commonwealth v. Anderson**, 830 A.2d 1013, 1017 (Pa. Super. 2003) (citations omitted). An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate "a colorable argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing scheme." **Commonwealth v. Kimbrough**, 872 A.2d 1244, 1263 (Pa. Super. 2005) (*en banc*), *appeal denied*, 887 A.2d 1240 (Pa. 2005) (citation omitted). If an appellant's Rule 2119(f) statement meets these prerequisites, we have found that a substantial question exists. **See Commonwealth v. Goggins**, 748 A.2d 721, 727 (Pa. Super. 2000), *appeal denied*, 759 A.2d 920 (Pa.

2000). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.* (emphases in original).

We note that Appellant has not included a Rule 2119(f) statement in his brief. (*See Anders* Brief, *supra*). "A failure to include the Rule 2119(f) statement does not automatically waive an appellant's argument; however, we are precluded from reaching the merits of the claim when [the appellee] lodges an objection to the omission of the statement." *Commonwealth v. Roser*, 914 A.2d 447, 457 (Pa. Super. 2006), *appeal denied*, 927 A.2d 624 (Pa. 2007) (citation omitted). Here, the Commonwealth did not file a brief and thus has not objected to the absence of the Rule 2119(f) statement, therefore, we can review Appellant's claim.

Our standard of review is settled.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted).

Here, Appellant simply states, "[Appellant] was convicted of a crime so trivial that his sentence of three to six years' incarceration to be served consecutively can be called draconian." (*Anders* Brief, at 6). Appellant

argues that his escape attempt consisted of disobeying a police order to lie down; that he was apprehended within a matter of weeks of the incident; no one was harmed because of his action; there was no damage to property and, despite his lengthy criminal record, he was a contributing member of society. (*See id.* at 6-7).

We note that a bald claim of an excessive sentence does not generally raise a substantial question. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1269 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014). However, this Court has held that a claim of excessiveness in conjunction with a claim that the sentencing court did not consider mitigating factors presents a substantial question. *See Gonzalez*, *supra* at 731 (citing *Dodge*, *supra* at 1272); *see also Commonwealth v. Zeigler*, 112 A.3d 656, 662 (Pa. Super. 2015). We will therefore address the merits of Appellant's claim.

In the instant matter, the sentencing court had the benefit of a PSI. (*See* N.T. Sentencing, 3/21/13, at 15). We have stated that:

> [w]hen imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. . . . Where the sentencing court had the benefit of a presentence investigation report [PSI], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

*Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (internal quotation marks and citations omitted). Here, the sentencing court stated that it had reviewed the PSI and imposed a sentence that was within the standard range of the guidelines. (*See* N.T. Sentencing, 3/21/13, at 15).

Additionally, Appellant has not demonstrated that his sentence was manifestly excessive because the sentencing court failed to consider mitigating factors. As discussed above, at sentencing, the trial court acknowledged the PSI, and considered the statements of counsel. (*See id.* at 6, 15). The trial court balanced this against Appellant's lengthy criminal history dating back to 1986. (*See id.* at 15). The trial court thereafter imposed a standard range sentence. (*See id.*).

Clearly, the gist of Appellant's argument is not that the sentencing court did not consider the relevant sentencing factors, but rather that the court did not weigh them as much in his favor as he wished. (*See Anders* Brief, at 6-10). Our review of the record does not show that the sentencing court abused its discretion or that it entered a manifestly unreasonable sentence. *See Zeigler*, *supra* at 662 (holding sentence not manifestly unreasonable where sentencing court considered PSI, details of crime, and explained reasons for sentence); *see also Moury*, *supra* at 171. Appellant's claim lacks merit.

Appellant also claims that the sentencing court unreasonably imposed a consecutive sentence. (*See Anders* Brief, at 6). Pennsylvania law

"affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question." ***Commonwealth v. Pass***, 914 A.2d 442, 446–47 (Pa. Super. 2006) (citation omitted); ***see also Commonwealth v. Hoag***, 665 A.2d 1212, 1214 (Pa. Super. 1995) (holding that appellant is not entitled to "volume discount" by having sentences run concurrently). ***But see Commonwealth v. Dodge***, 957 A.2d 1198 (Pa. Super. 2008), *appeal denied*, 980 A.2d 605 (Pa. 2009) (imposition of standard range sentences consecutively on thirty-seven counts of theft-related offenses for aggregate sentence of 58½ to 124 years' imprisonment constituted virtual life sentence and, thus, was so manifestly excessive as to raise substantial question).

"Thus, in our view, the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." ***Commonwealth v. Mastromarino***, 2 A.3d 581, 587 (Pa. Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011). Here, Appellant makes no showing or claim that his case is similar to the virtual life sentence at issue in ***Dodge***. Because he has not done so, his claim that the trial court unreasonably imposed a consecutive sentence does not raise a substantial question.

Appellant's issues do not merit relief. Further, this Court has conducted an independent review of the record as required by **Anders** and **Santiago** and finds that no non-frivolous issues exist.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/4/2015